[No. 6254.]

## LINDSLEY V. LEWIS.

1. **Bill of Exceptions—Seal**—A bill of exceptions not bearing the seal of the judge who attests it, will not be considered for any purpose.—(289)

2. **Exception—When Necessary**—Error assigned upon the insufficiency of the evidence will not be considered where no exception to the judgment was reserved.—(290)

*Error to Denver County Court*—Hon. BEN B. LINDSEY, Judge.

Mr. LYNDON S. SMITH, Mr. THOMAS H. HARDCASTLE and Mr. EDWARD C. STIMSON for plaintiff in error.

No appearance for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff, Nellie E. Lewis, brought this action against defendant, Grace P. Lindsley, to recover the sum of fifty dollars for one month's wage. There have been two trials of the action, one before a justice of the peace, the other, on appeal, in the county court, each resulting in a judgment for plaintiff in the amount sued for. All of the errors assigned and argued here are predicated upon the insufficiency of the evidence, to rulings thereon at the trial, and to an alleged variance between the cause of action stated and the evidence produced to sustain it. That a review thereof can be had only if a bill of exceptions is brought up with the record proper is obvious. What purports to be a bill of exceptions is included in the transcript, but it is not sealed, though it is signed, by the trial judge. Repeated decisions of this court preclude our consideration of it for any purpose. Besides, the alleged bill does not show that any exception was taken to the judg-

(19)

ment. Such exception, so preserved, is essential to a review of the evidence to determine its sufficiency. Defendant's case has been in charge of at least four different counsel during its progress through the three courts, each one appearing at different stages therein. This may account in some measure for the unsatisfactory and incomplete state of the bill and the record proper. We do not say that, if the questions raised were properly before us, the case should be reversed. It is enough to say that the judgment must be, and is, affirmed, because defendant is not in a position here to be heard upon her objections.

*Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.